```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAYMOND J. FALLICA,

                Plaintiff,
                                            ORDER
        -against-                           22-CV-1297(JS)(SIL)

BANK OF AMERICA; REVERSE MORTGAGE
SOLUTIONS; and MONICA TARANTINO,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Raymond J. Fallica, pro se
                    6 Ethel Court
                    Wheatly Heights, New York  11798

For Defendants:     No Appearance.
```

SEYBERT, District Judge:

On March 8, 2022, pro se plaintiff Raymond J. Fallica ("Plaintiff") filed his eighth Complaint in this Court.[1] The

---

[1] See Fallica v. Cymann Designs LTD., No. 95-CV-1120 (fee-paid complaint dismissed for lack of subject matter jurisdiction); Fallica v. Cipriano, No. 97-CV-3113 (fee-paid complaint dismissed for failure to state a claim and for lack of subject matter jurisdiction); Fallica v. United States, No. 08-CV-5071 (fee-paid complaint dismissed for failure to state a claim and fee-paid appeal affirming the district court's order); Wolf v. DOJ Office Professional Responsibility, No. 12-CV-5176 (fee-paid complaint dismissed and warning not to file another frivolous action arising from the federal construction project at issue and fee-paid appeal dismissed for lack of jurisdiction); Fallica v. North Shore University Hospital et al., No. 13-CV-0673 (fee-paid complaint dismissed for failure to state a claim); United States ex rel Cheryl A Wolf, Raymond J. Fallica v. Federal Bureau of Investigations, No. 14-CV-5999 (fee-paid complaint dismissed and litigation injunction entered); Wolf v. United States, No. 19-CV-2100 (dismissing fee-paid complaint, warning Plaintiff not to engage in frivolous litigants, and reminding him of litigation bar).

present case is against Bank of America, Reverse Mortgage Solutions, and Monica Tarantino (collectively, "Defendants") and invokes this Court's federal question and diversity subject matter jurisdiction.[2] (Compl., ECF No. 1, ¶ II.) Accompanying the Complaint is an application to proceed in forma pauperis. (IFP Mot., ECF No. 2.) Upon review and in the sound exercise of the Court's discretion, the application to proceed in forma pauperis is DENIED. Plaintiff is ORDERED to remit the $400.00 filing fee within fourteen (14) days in order for this case to proceed.[3] If Plaintiff does not remit the filing fee within such time, absent a showing of good cause, the Court shall dismiss the Complaint

---

[2] Plaintiff alleges that his federal claims arise under 18 U.S.C. § 1961, 42 U.S.C. §§ 1983, 1985, "due process" and the Ninth Amendment. Plaintiff also seeks to bring common law fraud claims. (See Compl. ¶ II.)

[3] Because the Court does not refund the filing fee when a complaint is dismissed, Plaintiff is advised to review the substance of his claims as well as the pleading requirements of this Court. Plaintiff is cautioned that Rule 11 of the Federal Rules of Civil Procedure applies to pro se litigants and that it is within the Court's authority to consider the imposition of sanctions should the Court determine that Plaintiff's claims are frivolous. Additionally, Plaintiff may consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants  The Clinic offers services by appointment such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings. The Court notes that the Pro Se Clinic is not part of, or affiliated with, the United States District Court. It may be reached at PSLAP@Hofstra.edu or (631) 297-2575.

without prejudice and judgment shall enter.

## DISCUSSION

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted).  "The ability to proceed [in forma pauperis] is a privilege provided for the benefit of indigent persons." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted).  The statute discourages abuse of this privilege, and provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the Court determines that . . . the allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A); Vann v. Comm'r of the New York City Dep't of Corr., 496 F. App'x 113 (2d Cir. 2012) (affirming dismissal of complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) where plaintiff made false statements and intentionally concealed income on his application to proceed in forma pauperis).  "If it appears that an applicant's access to []

3

court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application." Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal quotation marks and citation omitted); see also United Parcel Serv. of Am., Inc. v. The Net, Inc., 470 F. Supp. 2d 190, 194 (E.D.N.Y. 2007) (denying in forma pauperis status where reported liabilities exceeded assets and finding applicant had sufficient resources to remit the filing fee).

      Here, Plaintiff reports average monthly income during the past twelve months of $2,300.00 and that he has $1,200.00 in a checking account. (IFP Mot. ¶¶ 1, 3.) Although Plaintiff's reported regular monthly expenses, including rent or mortgage, transportation, food, and utilities total $2,740.00 (IFP Mot. ¶ 8), Plaintiff has sufficient funds to remit the $400.00 fee. See Adkins, 335 U.S. at 344 ("The [in forma pauperis] statute was intended for the benefit of those too poor to pay or give security for costs . . . .").

      Accordingly, Plaintiff's application is DENIED. Plaintiff is ORDERED to remit the filing fee within fourteen (14)

days from the date of this Order. Plaintiff is cautioned that a failure to timely comply with this Order will lead to the dismissal of the Complaint without prejudice and judgment will enter.

CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's application to proceed in forma pauperis. If Plaintiff wishes to pursue this case, he SHALL REMIT THE $400.00 FILING FEE WITHIN FOURTEEN (14) DAYS FROM THE DATE OF THIS ORDER. Plaintiff is cautioned that a failure to timely remit the filing fee will lead to the dismissal of the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail this Order to the Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April  11 , 2022
       Central Islip, New York

5