```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
RAYMOND J. FALLICA,

                Plaintiff,              MEMORANDUM & ORDER
                                        22-CV-1297 (JS)(SIL)
    -against-

BANK OF AMERICA; REVERSE MORTGAGE
SOLUTIONS; MONICA TARANTINO; RAS
LEGAL GROUP; FRENKEL LAMBERT
WEISS WEISMAN & GORDON LLP; WEB
TITLE; NEW YORK STATE,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:          Raymond J. Fallica, Pro Se
                        6 Ethel Court
                        Wheatly Heights, New York  11798

For Defendant           Jason Robert Lipkin, Esq.
Bank of America:        Winston & Strawn LLP
                        200 Park Avenue
                        New York, New York  10166

For Defendant           Sibel Cagatay, Esq.
Reverse Mortgage        Houser LLP
Solutions:              60 East 42nd Street, Suite 2330
                        New York, New York  10165

For Defendant           No appearances
Monica Tarantino:

For Defendant RAS       Joseph F. Battista, III, Esq.
Legal Group:            Robertson, Anschutz, Schneid, Crane &
                        Partners, PLLC
                        900 Merchants Concourse
                        Westbury, New York  11590

For Defendant           Keith L. Abramson, Esq.
Frenkel Lambert         Frenkel Lambert Weiss Weisman & Gordon LLP
Weiss Weisman &         53 Gibson Street
Gordon LLP:             Bay Shore, New York  11706
```

```
For Defendant Web    No appearances
Title:

For Defendant        Helena Ann Lynch, Esq.
New York State:      NYS Office of the Attorney General
                     Nassau Regional Office
                     200 Old Country Road, Suite 240
                     Mineola, New York  11501
```

SEYBERT, District Judge:

Presently before the Court is a motion for recusal (hereinafter the "Motion"), (See Mot., ECF No. 43), filed by Pro Se Plaintiff Raymond J. Fallica ("Plaintiff"). Plaintiff seeks recusal of the undersigned alleging prejudice against him such that he "cannot have a fair and impartial trial or hearing." (See Id. at 1.) For the reasons that follow, the Motion is DENIED.

## BACKGROUND

On March 8, 2022, Plaintiff filed his original complaint in this action together with an application to proceed In Forma Pauperis ("IFP") (hereinafter the "IFP Application".) (See Compl., ECF No. 1; IFP Application, ECF No. 2.) Afterwards, pursuant to Local Rule 50.3.1, the Clerk of the Court filed a notice of related case noting that Wolf v. United States, No. 19-CV-2100 (hereinafter "Wolf"), was either "directly assigned as a Pro Se or Habeas case . . . ." (Not. Related Case, ECF No. 4 at 1) (emphasis added). Local Rule 50.3.1(e) states:

> [i]n the interest of judicial economy, the following categories of civil cases shall be deemed to be "related" without further order

2

> of the court: (1) all habeas corpus petitions filed by the same petitioner; (2) all pro se civil actions filed by the same individual; and (3) any other subject-matter category of cases where the chief judge finds that the standard of paragraph (a) is met.

E.D.N.Y. Local Rule 50.3.1(e).

Subsequently, on April 11, the Court denied Plaintiff's IFP Application, (See Apr. 11, 2022, Order (the "IFP Order"), ECF No. 6.)  In the IFP Order, the Court noted that Plaintiff's eight previously filed complaints were fee-paid.  (Id. at 1 n.1.)  The Court then articulated the relevant IFP standards and determined that Plaintiff did not meet the requisite standard for indigency.  (See Id. at 3-4.)  As such, the Court concluded that unless Plaintiff remitted the necessary filing fee "within fourteen . . . days" his complaint would be dismissed without prejudice. (Id. at 2-5.)  Since "the Court [would] not refund the filing fee" if the complaint was dismissed, it advised Plaintiff to carefully review the substance of his claims.  (Id. at 2 n.3.)  Further, the Court cautioned Plaintiff that Rule 11 sanctions applied to pro se litigants and directed him to the "Hofstra Law Pro Se Clinic . . . [which could] provide [him with] free information, advice, and limited scope legal assistance."  (Id.)

On April 25, 2022, Plaintiff filed an amended complaint (Am. Compl., ECF No. 7) naming: Bank of America, Reverse Mortgage Solutions, RAS Legal Group, Frenkel Lambert Weiss Weisman & Gordon

3

LLP (together the "Moving Defendants"), Web Title, Monica Tarantino and New York State (hereinafter the "State") as defendants. The Moving Defendants subsequently filed separate Motions seeking pre-motion conferences ("PMCs") in anticipation of dismissing the amended complaint. (See PMC Motions, ECF Nos. 10, 11, 13, 14.) In response, the Court waived its pre-motion conference requirement, granted the Moving Defendants leave to file a consolidated motion to dismiss, and set a briefing schedule. (See June 16, 2022, Elec. Order.) However, this briefing schedule was later stayed because the Moving Defendants had not served their PMC Motions on Plaintiff. (See July 6, 2022, Elec. Order.) In the interim, the State also filed a PMC Motion. (See NYS PMC Mot., ECF No. 25.) After proper service of the Moving Defendants' PMC Motions and consideration of Plaintiff's opposition to both them and the State's PMC Motion, the Court granted the PMC motions and included the State in an updated briefing schedule on both motions to dismiss. (See July 25, 2022, Elec. Order.) Plaintiff was given until September 30, 2022, to file and serve his opposition to those motions. (Id.)

On September 21, 2022, the Moving Defendants erroneously filed a motion to dismiss on the docket before Plaintiff's time to respond had expired. The Moving Defendants immediately addressed the Court via letter (hereinafter the "Withdrawal Motion"), (see Withdrawal Mot., ECF No. 41), explaining that their filing was

4

made in error. The Court construed the Moving Defendants' letter as a motion to withdraw and then granted it. (See Sept. 22, 2022, Elec. Order.) The granting of the Withdrawal Motion seems to have prompted the instant Motion which was filed on September 30, 2022. Neither the Moving Defendants nor the State have filed any response.

While Plaintiff's Motion is difficult to decipher, the Court identifies Plaintiff's primary recusal arguments as follows. First, Plaintiff argues that Wolf should not have been deemed related to his current case. (Mot. at 2, 3, 15, 17.) Moreover, Plaintiff contends he was defamed in the notice of related case because it insinuated that he was a prisoner due to its usage of "Habeus Pro Se" language. (Id. at 17.) Next, Plaintiff alleges that the undersigned fraudulently denied his motion to reconsider Judge Bianco's Order dismissing Wolf. (Id. at 2-3, 6.) Plaintiff explains that his reconsideration motion should have been granted because Judge Bianco had recused himself from the case and was thus without jurisdiction to issue his dismissal order. (Id. at 2, 4, 6.) Third, Plaintiff asserts that he was defamed in the IFP Order because it contained citations to caselaw in which the underlying parties were incarcerated individuals. (Id. at 8-9.) Moreover, Plaintiff claims that the Court threatened him with sanctions and dismissal of his complaint before improperly insinuating that his claims were frivolous. (Id. at 7-9.)

5

Finally, Plaintiff argues that the undersigned engaged in fraud, obstruction of justice, and racketeering when she granted the Moving Defendants' Withdrawal Motion. (Id. at 13-14.)

ANALYSIS

I.  Legal Standard

Section 455(a) of Title 28 of the U.S. Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 455(b)(1) further provides that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Section 455 is "evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance."  Liteky v. United States, 510 U.S. 540, 548 (1994).  "Recusal is appropriate when 'a reasonable person, knowing all the facts would question the judge's impartiality.'"  Canady v. Univ. of Rochester, 736 F. App'x 259, 261 (2d Cir. 2018) (citing United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003)); see also Thorpe v. Zimmer, Inc., 590 F. Supp. 2d 492, 494 (S.D.N.Y. 2008) ("The Second Circuit has interpreted 28 U.S.C. § 455 to require recusal if 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'"

6

(citing Yousef, 327 F.3d at 169)).  This objective evaluation is solely within the Court's discretion.  See United States v. LaMorte, 940 F. Supp. 572, 576 (S.D.N.Y. 1996); United States v. El-Gabrowny, 844 F. Supp. 955, 958 (S.D.N.Y. 1994).  There is a presumption that the court is impartial, and the burden is on the movant to prove otherwise.  See Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 150 (S.D.N.Y. 2012).  If the movant has not satisfied his burden of proof, the court has an affirmative duty not to disqualify itself.  See Thorpe, 590 F. Supp. 2d at 494.

II. Discussion

Here, Plaintiff can neither overcome the presumption of impartiality warranting recusal nor identify an extrajudicial source for the alleged bias. Objectively viewed, Plaintiff's claim of bias based upon the undersigned's: (1) granting of the Moving Defendants' Withdrawal Motion; (2) denial of Plaintiff's motion for reconsideration in Wolf; and (3) denial of Plaintiff's IFP Application, is no more than dissatisfaction with the Court's rulings, which is insufficient to establish bias.  See Watkins v. Smith, 561 F. App'x 46, 47 (2d Cir. Apr. 1, 2014) ("the fact that . . . Appellants were unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal.")

Moreover, a reasonable person, knowing all the facts, would not question the undersigned's impartiality.  For example,

7

Wolf was automatically determined to be related to this case because, pursuant to Rule 50.1.3(e), it was properly identified by the Clerk of Court as a "pro se civil action filed by the same individual" and without any order of the Court (See E.D.N.Y. Local Rules 50.1.3(e)). Further, the notice made no mention that Plaintiff was an incarcerated individual seeking habeas relief. (See Not. Related Case, at 1.)

Next, Plaintiff's argument that Judge Bianco lacked authority to dismiss Wolf is incorrect. Judge Bianco had not recused himself in Wolf but had recused himself from a different case, thereby divesting himself of authority over that case, where Plaintiff requested an investigation by the F.B.I. into Judge Bianco. See United States ex rel Cheryl A. Wolf, Raymond J. Falica v. Federal Bureau of Investigations, No. 14-CV-5999, Order of Recusal, ECF No. 9.

Finally, the Court's cautionary language in the IFP Order regarding Plaintiff's claims was prompted by the fact that Plaintiff would not receive a refund of the filing fee if his complaint was ultimately dismissed. To that end, the Court directed Plaintiff to the Hofstra Law Clinic for assistance in drafting his claims. Additionally, the Court's warning that Rule 11 sanctions applied to pro se litigants was warranted based upon the Plaintiff's extensive litigation history. (See IFP Order at 1 n.1.) Plaintiff's allegation that the IFP Order was defamatory

8

simply because it cited case law in which the underlying parties were incarcerated is meritless and does not warrant discussion. To the extent not explicitly addressed, the Court has considered the remainder of Plaintiff's arguments and finds them to be without merit. Plaintiff has failed to raise any basis warranting the undersigned's recusal.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for recusal (ECF No. 43) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 2, 2022
       Central Islip, New York