```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
RAYMOND J. FALLICA,

              Plaintiff,                MEMORANDUM & ORDER
                                        22-CV-1297 (JS)(SIL)
     -against-

BANK OF AMERICA; REVERSE MORTGAGE
SOLUTIONS; MONICA TARANTINO; RAS
LEGAL GROUP; FRENKEL LAMBERT
WEISS WEISMAN & GORDON LLP; WEB
TITLE; NEW YORK STATE,

              Defendants.
-------------------------------X
```

**FILED**
**CLERK**

11:08 am, Aug 15, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES
For Plaintiff:            Raymond J. Fallica, Pro Se
                          6 Ethel Court
                          Wheatly Heights, New York  11798

For Defendant             Michael E. Blaine, Esq.
Bank of America:          Winston & Strawn LLP
                          200 Park Avenue
                          New York, New York  10166

For Defendant             Omar Mulamekic, Esq.
Reverse Mortgage          Houser LLP
Solutions:                60 East 42nd Street, Suite 2330
                          New York, New York  10165

For Defendant             Harry Chris Demiris, Jr., Esq.
Monica Tarantino:         400 Post Avenue, Suite L1l
                          Westbury, New York  11590

For Defendant RAS         Joseph F. Battista, III, Esq.
Legal Group:              Robertson, Anschutz, Schneid, Crane &
                          Partners, PLLC
                          900 Merchants Concourse
                          Westbury, New York  11590

For Defendant             Keith L. Abramson, Esq.
Frenkel Lambert           Frenkel Lambert Weiss Weisman & Gordon LLP
Weiss Weisman &           53 Gibson Street
Gordon LLP:               Bay Shore, New York  11706

```
For Defendant Web    Todd Marks, Esq.
Title:               Davidson Fink LLP
                     28 East Main Street, Suite 1700
                     Rochester, New York  14614


For Defendant        Helena Ann Lynch, Esq.
New York State:      NYS Office of the Attorney General
                     Nassau Regional Office
                     200 Old Country Road, Suite 240
                     Mineola, New York  11501
```

SEYBERT, District Judge:

Presently before the Court is a filing styled "Motion: leave of Court file obstruction by the court itself violated Ninth Amendment Due Process" (the "Motion") (see Motion, ECF No. 130), filed by Pro Se Plaintiff Raymond J. Fallica (the "Plaintiff"). The Court construes Plaintiff's Motion as one seeking reconsideration of the Court's August 11, 2023 Denial of his Order to Show Cause (the "Show Cause Motion"). (See August 11, 2023 Elec. Order; see also Minute Entry, ECF No. 129 (hereafter, the "Minute Entry").) For the reasons that follow, Plaintiff's Motion is DENIED

## BACKGROUND

The Court presumes familiarity with the facts underlying this case which were summarized in Magistrate Judge Steven I. Lockes' June 1, 2023, Report & Recommendation (the "R&R"). (See R&R, ECF No. 115 (adopted by the Court in its entirety on August

2

11, 2023 (see August 11, 2023 Elec. Order)); see also Minute Entry.)

## ANALYSIS

### I.  Legal Standard

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999 (E.D.N.Y. Mar. 14, 2007).  A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and re-litigate arguments and issues already considered by the Court in deciding the original motion.  See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).  Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Local Rule 6.3 provides that a party moving for reconsideration must "set . . . forth concisely the

matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Empls. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 WL 355137 at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."); Pickering-George v. Atty. Gen. of U.S., No. 10-CV-1103, 2011 WL 52363, at *1 (E.D.N.Y. Jan. 5, 2011) (Seybert, J.); accord Miller v. Smith, No. 21-CV-2949, 2021 WL 5416624, at *1 (E.D.N.Y. Nov. 18, 2021) (Seybert, J.) (same).

II. Discussion

As an initial matter, while it is unclear exactly what Plaintiff seeks in his Motion, the Court interprets Plaintiff's Motion liberally as a request for reconsideration of the Court's denial of his Show Cause Motion. Accord Gilani v. Hewlett-Packard Co., No. 15-CV-5609, 2022 WL 1078881, at *1 (S.D.N.Y. Apr. 6, 2022) (liberally construing what was labelled as a motion for reconsideration as objections to a magistrate judge's report & recommendation).

Here, the Court finds that the arguments contained in Plaintiff's Motion are largely duplicative of both the arguments made in his original Show Cause Motion, and the arguments Plaintiff presented on the record at the August 11, 2023 hearing on the aforementioned motion.  Plaintiff neither concisely outlines controlling decisions or other matters which the Court overlooked, nor elaborates upon how those "controlling decisions" or other matters would alter the conclusion reached by the Court. Moreover, even if the Court were to grant reconsideration, upon the case record, since there was no basis to grant Plaintiff's Show Cause Motion and the other motions filed therewith, the Court would adhere to its August 11, 2023 rulings.  Since Plaintiff has not demonstrated exceptional circumstances so as to meet the strict reconsideration standard, his Motion must be DENIED.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 130) is DENIED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

5

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 15, 2023
       Central Islip, New York

6